Electronically Filed
4/29/2019 4:34 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsímile: (702) 553-1002
naqvi@naqvilaw.com
elizabeth@naqvilaw.com
*Attorneys for Plaintiff*

CASE NO: A-19-793832-C
Department 1

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ASHLEY COOK, individually, | Case No.: |
| | Dept. No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| HAROLD THOMAS, individually; KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC; KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive, | |
| Defendants. | |

Plaintiff ASHLEY COOK, by and through her attorney of record, FARHAN R. NAQVI of NAQVI INJURY LAW, complains against Defendants HAROLD THOMAS, KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN

NEVADA d/b/a RTC, KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC, DOES 1 to 100 and ROE CORPORATIONS 1 to 100 (the foregoing are hereinafter collectively referred to as "Defendants") as follows:

## PARTIES AND JURISDICTION

1. That Plaintiff ASHLEY COOK (hereinafter "Plaintiff") is and, at all times mentioned herein, was a resident of the County of Clark, State of Nevada.

2. That Defendant HAROLD THOMAS (hereinafter referred to as "Defendant THOMAS"), upon information and belief, is and, at all times mentioned herein, was a resident of the County of Clark, State of Nevada.

3. That Defendant KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC, upon information and belief, is and, at all times mentioned herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. That Defendant KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC, upon information and belief, is and, at all times mentioned herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

/ / /

5.  That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 inclusive are unknown to Plaintiff who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is otherwise responsible for the events and happenings hereinafter referred to and thereby negligently or, in some other actionable manner, legally and proximately caused or is somehow otherwise liable for the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been ascertained. The legal responsibility of said Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as operators, owners, maintainers, controllers and/or entrustors of the bus that Defendant THOMAS was operating at the time of the subject collision, their agency, representative, master/servant, employer/employee or joint venture relationship with the responsible parties, including any other entities who are also responsible for the events and claims asserted herein such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, and/or that they are somehow otherwise liable for the subject collision and/or Plaintiff's resulting damages. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the

same have been ascertained, to join such defendants in this action together with the proper charging allegations.

6. That at all times pertinent, Defendants were agents, servants, employees, employers, partners, representatives or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation or joint venture with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

7. Plaintiff is informed and believes and thereon alleges that Defendant THOMAS, at all times herein relevant, was an employee, authorized agent and/or representative of Defendant KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC and Defendant KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC OF SOUTHERN NEVADA d/b/a RTC (hereinafter collectively referred to as "Defendant KEOLIS") and was acting within the course and scope of such employment, agency and/or representation at all times herein relevant.

8. The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

9. This Court has jurisdiction over this matter as this is a civil action arising from an incident that occurred within the County of Clark, State of Nevada, involves resident parties, and involves an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest.

## GENERAL FACTUAL ALLEGATIONS

10. That, at all times mentioned herein, Plaintiff was the operator of a 2001 Toyota.

11. That, upon information and belief, at all times mentioned herein, Defendant THOMAS was operating a 2007 Alexander Dennis public transit bus (hereinafter referred to as the "bus") owned and/or controlled by Defendant KEOLIS.

12. That on May 12, 2017, in Clark County, Nevada, Plaintiff was traveling eastbound on Gowan Road and was crossing the intersection with Decatur Boulevard with the right-of-way via a green traffic light when Defendant THOMAS, who was traveling northbound on Decatur Boulevard, negligently operated the bus and failed to use due care by, among other things, failing to yield the right-of-way, failing to obey a traffic control device and failing to maintain a proper lookout as he entered the intersection with Gowan Road on a red traffic light, thereby resulting in Defendant THOMAS crashing into Plaintiff's vehicle.

13. That Defendant THOMAS negligently caused the collision with Plaintiff's vehicle.

14. Plaintiff is informed and believes and thereon alleges that Defendant THOMAS, at all times herein relevant, was acting within the course and scope of his employment, agency and/or representation with Defendant KEOLIS.

15. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, her neck, back, chest, knee, psyche, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

16. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused

and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

17. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
### (Negligence, Respondeat Superior, Negligence Per Se)

18. Plaintiff incorporates paragraphs 1 through 17 of the Complaint as though said paragraphs were fully set forth herein.

19. Defendant THOMAS owed Plaintiff a duty of care to operate the bus in a reasonable and safe manner.

20. Defendant THOMAS breached that duty of care by negligently causing the subject collision with Plaintiff's vehicle on the roadway, thereby rendering him liable for causing the subject collision and Plaintiff's resulting damages.

21. The acts of Defendant THOMAS as described herein violated statutes, laws, regulations and ordinances including, but not limited to, those of the State of Nevada, Clark County, City of Las Vegas and Federal Motor Carrier Safety Regulations ("FMCSR"), including, but not limited to, Nevada Revised Statute ("NRS") 484B.307, NRS 484B.300, Clark County Municipal Code 10.20.010, and FMCSR 392.2. Plaintiff is within the class of persons intended to be protected by the statutes, laws, regulations and ordinances that were violated by Defendant THOMAS, and the injuries suffered by Plaintiff were the type against which such statutes, laws, regulations and ordinances were intended to protect, thereby rendering Defendant THOMAS liable for the subject collision and Plaintiff's resulting damages based on negligence per se.

22. Upon information and belief, at all times relevant herein, Defendant THOMAS was an employee, representative and/or authorized agent of Defendant KEOLIS, and was acting within the course and scope of such employment, representation and/or agency. Defendant KEOLIS is liable for the negligent acts of its employees, representatives and/or agents, including Defendant THOMAS, under the doctrine of vicarious liability/respondeat superior, thereby rendering Defendant KEOLIS vicariously liable for Defendant THOMAS's acts and omissions surrounding the subject collision and Plaintiff's resulting damages.

23. As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

24. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION
### (*Negligent Entrustment*)

25. Plaintiff incorporates paragraphs 1 through 24 of the Complaint as though said paragraphs were fully set forth herein.

26. Defendant KEOLIS, at all times relevant herein, owned and controlled the bus that Defendant THOMAS was operating at the time of the subject collision and had the right to control said bus.

27. Defendant KEOLIS negligently entrusted the use and possession of the bus to Defendant THOMAS.

///

///

28. Defendant THOMAS subsequently failed to drive safely and obey laws of the State of Nevada, City of Las Vegas, Clark County and FMCSR when operating the bus at the time of the collision and at all other times relevant thereto.

29. Defendant KEOLIS owed Plaintiff a duty of ordinary care to entrust the use and possession of the bus to a careful driver who was competent to operate said bus.

30. Defendant KEOLIS subsequently breached the duty of ordinary care by negligently entrusting the use and possession of the bus to Defendant THOMAS.

31. As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

32. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION
(*Negligent Hiring*)

33. Plaintiff incorporates paragraphs 1 through 32 of the Complaint as though said paragraphs were fully set forth herein.

34. Defendant KEOLIS owed Plaintiff several duties including, but not limited to, the following:

    a. The duty to keep Plaintiff safe from the negligent acts of its employees, agents and representatives;

    b. The duty to provide and hire responsible employees, agents and representatives;

    c. The duty to implement adequate policies and procedures for hiring employees, agents and representatives; and

    d. The duty to conduct reasonable investigations into the backgrounds of its employees, agents and representatives.

35. Upon information and belief, Defendant KEOLIS breached these duties by, among other things:

    a. Hiring individuals, including Defendant THOMAS, who were not qualified and/or competent for their positions;

    b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of its employees, agents and representatives, including Defendant THOMAS; and

    c. Failing to implement adequate policies and/or procedures for hiring employees, agents and representatives, including Defendant THOMAS.

36. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

37. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FOURTH CAUSE OF ACTION**
*(Negligent Training and Supervision)*

38. Plaintiff incorporates paragraphs 1 through 37 of the Complaint as though said paragraphs were fully set forth herein.

39. Defendant KEOLIS owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees, agents and representatives. This duty required Defendant KEOLIS to train and supervise employees, agents and representatives,

including Defendant THOMAS, to ensure that these employees, agents and representatives acted without negligence.

40. Defendant KEOLIS breached this duty when it failed to properly train and supervise employees, agents and representatives, including Defendant THOMAS, whose negligence caused injury to Plaintiff as alleged herein. If Defendant KEOLIS had properly trained and supervised employees, agents and representatives, including Defendant THOMAS, this negligence would not have occurred.

41. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

42. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIFTH CAUSE OF ACTION
### (*Negligent Retention*)

43. Plaintiff incorporates paragraphs 1 through 42 of the Complaint as though said paragraphs were fully set forth herein.

44. Defendant KEOLIS owed Plaintiff the duty to exercise reasonable care in the retention of employees, agents and representatives.

45. Upon information and belief, Defendant KEOLIS breached this duty when it negligently retained employees, agents and representatives, including Defendant THOMAS, even though it knew, or should have known, that these employees, agents and representatives lacked the qualifications and/or competence for their position.

46. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

47. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ASHLEY COOK, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

DATED this ___29___ day of April, 2019.

NAQVI INJURY LAW

By: _____
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*